OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, James M. Ingles, appeals from a judgment of the Trumbull County Court of Common Pleas, Juvenile Division, dismissing his complaint for custody of his biological minor daughter, Andrea Nicole Ingles ("Andrea"). For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. Appellant and appellee, Kellie M. Ingles McVay, were granted a divorce by the Circuit Court of Russell County, Alabama (the "Alabama Circuit Court"), on March 8, 2000. As part of a divorce decree, the parties entered into an agreement granting them joint custody of Andrea. Appellee, as Andrea's biological mother, was named the primary custodial parent, while appellant was named the secondary custodial parent. Pursuant to the agreement, appellant's custody of Andrea was to be "at such times and places as the parties may agree upon which do not interfere with the health, education and welfare of the said minor child." Furthermore, appellant was required to give appellee two weeks notice prior to the execution of his secondary custody.
 {¶ 3} On July 17, 2002, appellant filed a complaint in the Trumbull County Court of Common Pleas, Juvenile Division, requesting sole custody of Andrea. The complaint stated that appellant and Andrea were residing at 514 N. Cedar Avenue, Niles, Ohio. Also, the complaint alleged that Andrea had been living with appellant from April 20, 2001, until the time of the complaint's filing, and that appellee was currently residing in Georgia. In support of his complaint for custody, appellant maintained that appellee could not provide Andrea with a stable home and that it would be in Andrea's best interests to grant him custody.
 {¶ 4} Appellee countered by filing a motion to dismiss on July 31, 2002. The motion to dismiss argued that the juvenile court lacked jurisdiction over this matter and moved for Andrea's immediate return to appellee's custody. Attached to the motion to dismiss was an ex-parte order issued by the Alabama Circuit Court. The ex-parte order was dated July 24, 2002, and stated: (1) that the Alabama Circuit Court has retained and not surrendered jurisdiction of this matter; and (2) that appellee shall have immediate custody of Andrea.
 {¶ 5} On August 8, 2002, the juvenile court issued a judgment entry dismissing appellant's complaint for custody. In doing so, the juvenile court determined that it lacked subject matter jurisdiction and was an improper venue. A second "journal entry" was issued by the juvenile court on August 9, 2002, which granted appellee the immediate custody of Andrea. This entry was based upon appellee's motion to dismiss, communications between the juvenile court and the Alabama Circuit Court, and the Alabama Circuit Court's ex-parte order.
 {¶ 6} Thereafter, appellant filed two separate motions to vacate the judgment entry of the juvenile court. The first motion to vacate was filed on August 12, 2002. Appellant argued that the juvenile court erred in dismissing his complaint based upon the ex-parte order of the Alabama Circuit Court. This motion to vacate further maintained that the juvenile court retained jurisdiction over this matter under the Uniform Child Custody Jurisdiction Act ("UCCJA"). The second motion to vacate was filed on August 15, 2002, and again argued that the juvenile court retained jurisdiction pursuant to the UCCJA.
 {¶ 7} On August 15, 2002, appellant filed an amended complaint for custody in the juvenile court, while his motions to vacate were still pending. As part of his amended complaint, appellant requested that the previous divorce decree of the Alabama Circuit Court be modified to name him as the sole residential parent.
 {¶ 8} Appellee responded by filing a motion to dismiss on September 3, 2002. Specifically, appellee argued, "Ohio is not the appropriate forum, and the issue of jurisdiction has already been conclusively decided." Appellee filed another motion to dismiss which maintained the UCCJA did not confer jurisdiction upon the juvenile court.
 {¶ 9} On January 16, 2003, this matter proceeded to an evidentiary hearing before a magistrate. Following the hearing, a magistrate's decision, which included findings of fact and conclusions of law, was issued. The magistrate's findings of fact detailed the aforementioned factual events. In addition, the magistrate found that appellant had agreed to return Andrea to appellee on July 19, 2002, but failed to do so. Moreover, the magistrate found that on August 30, 2002, although the Alabama Circuit Court determined it no longer had jurisdiction over this matter, it did not transfer jurisdiction.
 {¶ 10} The magistrate then proceeded to make the following conclusions of law: (1) when appellant filed his complaint for custody, the juvenile court did not have jurisdiction; rather jurisdiction remained with the Alabama Circuit Court; (2) Ohio was not the "home state" when the complaint was filed on July 17, 2002, or when the juvenile court issued its judgment entry on August 9, 2002; instead, the Alabama Circuit Court retained jurisdiction via its ex-parte order; (3) R.C. 3109.31(A) and3109.22 substantiate that Ohio was not the "home state" on August 9, 2002; (4) when the Alabama Circuit Court determined on August 30, 2002, that it no longer had jurisdiction, Ohio also did not have jurisdiction and was not a convenient forum to hear the matter, as appellee and Andrea were residing in the state of Georgia; and (5) all pending matters before the court were dismissed for lack of jurisdiction.
 {¶ 11} On January 29, 2003, the juvenile court adopted the magistrate's decision, including its findings of fact and conclusions of law, and dismissed appellant's pending motions to vacate.
 {¶ 12} On February 10, 2003, appellant filed a motion "to release the transcript from the custody hearing held on January 16, 2002." Attached to the motion was a proposed judgment entry for the release of the transcript. The word "Denied" was written on this proposed judgment entry; absent, however, was a signature by the judge.
 {¶ 13} Nevertheless, appellant filed timely objections, albeit without a transcript, to the magistrate's decision. The juvenile court overruled appellant's objections. Specifically, the court stated, "[t]he Objections are overruled for failure to comply with local rule 32.01."
 {¶ 14} From this judgment, appellant filed a timely notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 15} "The trial court erred in concluding that it did not have jurisdiction to determine/adjudicate Petitioner-Appellant's complaint."
 {¶ 16} Under his sole assignment of error, appellant presents the following issues for our review: (1) the juvenile court erred in concluding that the state of Alabama retained sole jurisdiction to decide the custody of Andrea; (2) the juvenile court erred in finding that the state of Ohio was not Andrea's home state; (3) the juvenile court erred in finding that the state of Ohio was not a convenient forum to decide custody; and (4) the juvenile court abused its discretion by not assuming jurisdiction in this matter. As a basis for his contentions, appellant claims that the statutory prerequisites of R.C.3109.22(A) have been met and that the UCCJA, in conjunction with the Parental Kidnapping Prevention Act ("PKPA"), grant the juvenile court jurisdiction and authority to modify the divorce decree to grant him custody of Andrea.
 {¶ 17} As an initial matter, we note that appellant failed to submit proper objections to the magistrate's decision in accordance with Civ.R. 53 and Trumbull County Court of Common Pleas, Juvenile Division, Loc.R. 32.01. Civ.R. 53(E)(3)(b) states that objections to a magistrate's decision "shall be specificand state with particularity the grounds of the objection." (Emphasis added.) Similarly, Loc.R. 32.01 provides that a party's objections to a magistrate's decision must state "with particularity the party's objections."
 {¶ 18} Here, appellant failed to state any specific factual support or legal argumentation for his objections to the magistrate's decision. Appellant's objections, in their entirety, were as follows:
 {¶ 19} "1) The Magistrate erred in concluding that this Honorable Court did not have jurisdiction to determine/adjudicate the natural father's complaint;
 {¶ 20} "2) The Magistrate erred in concluding that the State of Alabama retained sole jurisdiction to decide/adjudicate the natural father's complaint;
 {¶ 21} "3) The Magistrate erred in finding that the natural father agreed to return the minor child on July 19, 2002;
 {¶ 22} "4) The Magistrate erred in finding that the State of Ohio was/is not the minor child's home state.
 {¶ 23} "5) The Magistrate erred in finding that the State of Ohio was/is not a convenient forum to decide/adjudicate the custody of the minor child."
 {¶ 24} Although appellant set forth specific objections to the magistrate's decision, he failed to support such objections with any factual or legal grounds. Thus, his objections fail to comply with Civ.R. 53(E)(3)(b) or, as noted by the juvenile court, Loc.R. 32.01. But, cf., Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 5.
 {¶ 25} That being said, Civ.R. 53(E)(3)(b) further states, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Accordingly, appellant's failure to comply with Civ.R. 53(E)(3)(b) precludes him from assigning any error on appeal relating to the court's adoption of the magistrate's factual findings or conclusions.
 {¶ 26} Nevertheless, on appeal, appellant now provides grounds, i.e., legal argumentation, for his objections; namely, that the statutory prerequisites of R.C. 3109.22(A) have been met and that the UCCJA, in conjunction with the Parental Kidnapping Prevention Act ("PKPA"), grant the juvenile court jurisdiction and authority to modify the divorce decree to grant him custody of Andrea. However, because appellant failed to raise these issues with the juvenile court, he has waived his right to raise such issues on appeal. Glass at 23-24.
 {¶ 27} We further note that the juvenile court did not have a transcript of the magistrate proceeding when it overruled appellant's objections. Juv.R. 40 refers to the need for a transcript in order to pursue objections to factual determinations. Although the court apparently denied appellant's direct motion for release of a transcript, there is no evidence appellant attempted to order a transcript directly from the court reporter as is usually the case. A motion made directly to the court was inappropriate as there was no provision made for cost. Further, there was no suggestion of indigency.
 {¶ 28} Even if appellant had properly preserved an argument for appeal regarding the court's denial of his motion for release, his failure to comply with Civ.R. 53(E)(3)(b) would render any possible error harmless. In short, appellant's failure to provide specific legal argumentation with his objections precluded the juvenile court from addressing the issues now raised on appeal. Thus, the absence of a transcript with the objections made to the juvenile court is irrelevant to the procedural deficiency which resulted in appellant's failure to comply with Civ.R. 53(E)(3)(b).
 {¶ 29} Despite the absence of a transcript, the magistrate made sufficient findings of fact and conclusions of law to allow the juvenile court to overrule appellant's objections. The magistrate's findings of fact and conclusions of law determined that the Alabama Circuit Court had retained jurisdiction over its previous divorce decree at the time of appellant's original complaint and the juvenile court's original judgment entries of August 8 and 9, 2002. Corroborative of this finding was the ex-parte order of the Alabama Circuit Court proclaiming its jurisdiction over this matter. The magistrate then found that on August 30, 2002, the Alabama Circuit Court determined it no longer had jurisdiction. Despite Alabama's judgment, the magistrate concluded that Ohio did not have jurisdiction and was not a convenient forum. Thus, the magistrate concluded that, pursuant to R.C. 3109.31(A), the juvenile court did not have jurisdiction to modify the parties' divorce decree.
 {¶ 30} The magistrate also determined that Ohio was not the home state pursuant to R.C. 3109.31 and 3109.22. In addition, the magistrate found that appellant had agreed to return Andrea on July 19, 2002, in accordance with an agreed upon schedule of visitation, but failed to do so. Accordingly, the court had sufficient findings of fact and conclusions of law to overrule appellant's objections.
 {¶ 31} Therefore, appellant's failure to raise the specific legal arguments now raised on appeal, with the juvenile court as part of his objections, waives his assigned error. See, e.g., Inre Knight, 11th Dist. No. 2002-T-0158, 2003-Ohio-7222, at ¶ 21. See, also, Batsch v. Tress, 11th Dist. No. 2000-P-0022, 2001-Ohio-4343. Appellant's assignment of error is without merit.
 {¶ 32} Based upon the foregoing analysis, appellant's failure to comply with Civ.R. 53(E)(3)(b) results in a waiver of appellant's sole assignment of error. We hereby affirm the judgment of the juvenile court.
Ford, P.J., Rice, J., concur.