OPINION
{¶ 1} Plaintiff-appellant, Wendy N. Harris, appeals the May 18, 2004 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, dismissing her motion for change of custody. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Defendant-appellee, Mark D. Harris, is the father of Wendy's two children, Eric, born July 2, 1989, and Shannon, born June 27, 1993. Wendy and Mark were married in Youngstown, Ohio, in 1993. On May 20, 1998, Trumbull County Domestic Relations Court granted Wendy a divorce from Mark and designated both Wendy and Mark legal custodians and residential parents of the children. On June 2, 2000, by Agreed Magistrate's Order, Mark, who was then residing in Decatur, Alabama, was designated primary residential parent effective September 1, 2000.
 {¶ 3} On March 14, 2002, the Trumbull County Domestic Relations Court entered a judgment entry journalizing Wendy and Mark's "settlement agreement" regarding parenting time and visitation.
 {¶ 4} On February 13, 2004, Wendy filed a Motion for Change of Custody, Motion for Restraining Order in Trumbull County, requesting that she be designated "residential/custodial parent" of Shannon only. Mark responded by filing a motion to dismiss on the grounds that Ohio did not have jurisdiction to entertain Wendy's motion under Ohio's version of the Uniform Child Custody Jurisdiction Act. On March 11, 2004, pursuant to the magistrate's recommendation, the trial court granted Wendy thirty days to file a response to Mark's motion. Wendy filed her response on April 7, 2004, in which she argued that there is "available in Ohio substantial evidence concerning Shannon's future care, protection, training, and personal relationships." Wendy argued that Shannon's former guardian ad litem resides in Ohio, as does the court-appointed psychologist who evaluated Shannon in prior proceedings. In support, Wendy attached an affidavit stating that Shannon maintains close relationships with her friends from school in Ohio, with her step-sister, and with her maternal relatives.
 {¶ 5} On May 18, 2004, the magistrate issued his decision granting Mark's motion to dismiss. The magistrate found that "any information surrounding the present or future care, protection, training and personal relationships of the minor children of the parties is developed as a result of the children living in the State of Alabama from June, 2000 to the present, including such items as school records, counsel records and other pertinent information needed to determine that which is in the best interest of the minor children in general." The trial court adopted the magistrate's decision the same day.
 {¶ 6} Wendy timely filed an appeal from this decision, docketed in this court as 2004-T-0057. While the appeal was pending in this court, Wendy filed untimely objections to the magistrate's decision which the trial court overruled on July 21, 2004. On Wendy's motion, this court dismissed appeal no. 2004-T-0057 on July 30, 2004. Wendy then appealed the July 21, 2004 judgment entry, docketed as 2004-T-0107. The lower court was without jurisdiction to rule on Wendy's objections while appeal no. 2004-T-0057 was pending in this court. Therefore, there was nothing for this court to review in appeal no. 2004-T-0107. See Bishop v. Bishop
(June 9, 2000), 11th Dist. Nos. 98-P-005 and 98-P-0080, 2000 Ohio App. LEXIS 2523, at *19 (when a trial court renders judgment in a case that is pending on appeal, that judgment is "null and void").
 {¶ 7} On September 22, 2005, this court reinstated Wendy's properly perfected appeal no. 2004-T-0057 and consolidated it with appeal no. 2004-T-0107.
 {¶ 8} Wendy raises the following assignment of error: "The trial court abused its discretion in not conducting an evidentiary hearing to ascertain whether there were sufficient facts to retain jurisdiction pursuant to the UCCJA."
 {¶ 9} At the time Wendy filed her motion to change custody, Ohio courts could only exercise jurisdiction to make a parenting determination relative to a nonresident child in certain circumstances. In the present case, the following determination was necessary for the court to exercise jurisdiction: "It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." Former R.C. 3109.22(A)(2). A trial court's decision regarding whether it has jurisdiction under former R.C.3109.22(A)(2) will not be reversed absent an abuse of discretion. In reZak, 11th Dist. Nos. 2001-L-216, 2001-L-217, and 2001-L-218, 2003-Ohio-1974, at ¶ 11.[1]
 {¶ 10} Wendy argues that the trial court erred by not holding an evidentiary hearing on the jurisdictional issue, thereby precluding her from presenting "all relevant facts regarding the minor child's significant connection with the State of Ohio." We disagree.
 {¶ 11} Ohio's version of the Uniform Child Custody Jurisdiction Act does not mandate that a court hold an evidentiary hearing prior to a determination to exercise custody. As a general rule, however, "a court's decision regarding subject matter jurisdiction under the UCCJA should * * * be made after a plenary hearing and a full explanation of the facts essential to the decision." Bowen v. Britton (1993), 84 Ohio App.3d 473,480. Some courts have interpreted this to mean "that a trial court abuses its discretion in failing to hold an evidentiary hearing when disputed issues of fact pertaining to subject-matter jurisdiction are raised by the parties." Esaw v. Esaw, 7th Dist. No. 02 BA 6, 2003-Ohio-3485, at ¶ 19, and the cases cited therein. Other courts have held "that where the record contains facts sufficient to determine jurisdiction, the failure to hold an evidentiary hearing is not reversible error." Id. at ¶ 20, and the cases cited therein.
 {¶ 12} We hold that the trial court did not abuse its discretion by failing to hold an evidentiary hearing on the jurisdictional issue. The record before the lower court contained sufficient facts to determine jurisdiction; nor were any of these facts contested. It is undisputed that Shannon has lived with her father in Alabama since the Summer of 2000. Mark did not dispute the evidence in Wendy's affidavit regarding Shannon's "significant connections" with Ohio or the "substantial evidence" in Ohio concerning her present and future care. Moreover, Wendy was not denied the opportunity to be heard. The court allowed Wendy thirty days to respond to Mark's motion to dismiss and to introduce testimonial evidence, which she did by affidavit. There is no evidence in the record that Wendy ever requested an evidentiary hearing. Since evidence before the court was not disputed, there was no need to hold an evidentiary hearing to develop the evidence or resolve conflicts.
 {¶ 13} Wendy relies on this court's decision in Briese v. Briese, 11th Dist. No. 2000-P-0079, 2002-Ohio-1685, wherein this court stated that a trial court should "afford the parties an opportunity to have a full evidentiary hearing prior to deciding whether to assume jurisdiction under the UCCJA provisions over a motion to modify a custody decree entered in another state." Id. at ¶ 21 (citation omitted).
 {¶ 14} We are not bound to follow Briese, however, as there was no consensus among the panel regarding the opinion; one member of the panel concurred in judgment only and the other member dissented. Moreover,Briese is factually distinguishable. In Briese, the trial court dismissed the motion to change custody without holding a hearing or otherwise allowing the parties to introduce evidence. Id. at ¶ 23. In Briese, the child had been a resident of Ohio for over six months prior to the filing of the motion to change custody. Id. at ¶ 4. Finally, in Briese, the lower court dismissed the motion on the basis of improper venue rather than jurisdiction. Id. at ¶ 22. For these reasons, Briese does not require this court to reverse.
 {¶ 15} Finally, it was argued at oral argument that the court should exercise its continuing jurisdiction over the current motion to modify custody because it did so in March 2002. We disagree. The March 2002 judgment entry was an agreed judgment entry at which neither party raised the issue of jurisdiction. See In re Ingles, 11th Dist. No. 2003-T-0037,2004-Ohio-5462, at ¶ 26 (the issue of jurisdiction under the UCCJA is waivable if not raised). Furthermore, the subject of the March 2002 judgment entry was ancillary to the initial transfer of the children's custody to Mark in 2000. The original Agreed Magistrate's Order transferring custody only provided Wendy with "reasonable weekend companionship" with her children whenever she was in Alabama or when they were visiting Ohio. These inadequate visitation provisions were remedied by the March 2002 judgment entry, wherein the parties agreed to a detailed visitation schedule including specific provisions for summer break, holidays, and cost of transportation. Accordingly, the lower court's exercise of jurisdiction in March 2002 did not require the court to exercise it in 2004.
 {¶ 16} In light of the facts that Wendy was given the opportunity to present evidence, that the court had sufficient evidence before it to determine jurisdiction, and that this evidence was not in dispute, the trial court did not err by failing to hold an evidentiary hearing. Wendy's sole assignment of error is without merit.
 {¶ 17} The decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
Rice, J., concurs, O'Neill, J., dissents with a Dissenting Opinion.
[1] Ohio adopted the Uniform Child Custody Jurisdiction Act in 1977 to help resolve interstate custody disputes. Under the Act as originally codified, it was possible for two states to exercise jurisdiction in the same matter. "One of the problems inherent in the UCCJA is that some of its provisions, such as the "substantial evidence" and "significant connection" factors cited above (and found in R.C. 3109.22[A][2]), can be interpreted to allow two states to exercise concurrent jurisdiction."Justis v. Justis, 81 Ohio St.3d 312, 317, 1998-Ohio-626 (citation omitted). Sections 3109.21 et seq. of the Revised Code were repealed as of April 11, 2005. An amended form of the UCCJA is now codified in R.C. Chapter 3127. Under the amended statutes, Ohio could not exercise jurisdiction over a nonresident child based on "significant connections" unless the child does not have a "home state" or the child's home state declines to exercise jurisdiction. See R.C. 3127.15(A)(2).