PERCURIAM OPINION
{¶ 1} Defendant-appellant, Board of Mecca Township Trustees ("Trustees"), appeals the March 8, 2004 judgment of the Trumbull County Court of Common Pleas, granting declaratory judgment, and holding that the Trustees' 2-0 passage of a resolution for road improvements by a three member Board, violated the unanimity requirement of R.C.5573.01(A)(1) for passing resolutions for road improvements without petition. For the reasons set forth below, we affirm.
 {¶ 2} Both parties stipulated to the following facts. On or about January 15, 2003, a meeting of the Trustees was held. Only two of the members of the threemember board were present for the meeting. Without presentation of a petition, a resolution was passed by a 2 to 0 vote, declaring the necessity to construct, reconstruct, resurface and/or improve Morrell-Ray Road, with the costs apportioned as follows:
 {¶ 3} "(a) 50% of the total cost shall be assessed against the adjoining property owners fronting on Morrell-Ray Road South; and
 {¶ 4} "(b) 50% of the total costs to be paid by the Township from funds legally available for said purpose."
 {¶ 5} Plaintiffs-appellees, owners of real property adjoining and fronting Morrell-Ray Road South, filed suit in the Trumbull County Court of Common Pleas, seeking declaratory judgment that, for want of a unanimous vote within the meaning of R.C. 5571.15, the Trustees' resolution, along with any approvals, assessments or ensuing liens, be declared void.
 {¶ 6} The trial court, reviewing the language of R.C. 5571.15(A) and (B), concluded that, within the context of a three-person board, the "majority" requirement in the language of section (B), all three members of the board must be present "so there could not be a tie prohibiting the trustees from performing the duties for which they were placed in office." As a result, the court determined that the term "unanimous" as it applied to R.C. 5571.15(A) could only mean an affirmative vote of all three of the board members. The court then granted plaintiffs-appellees' motion and declared the Trustees' actions pertaining to the resolution in question as "void and of no legal force or effect."
 {¶ 7} The Trustees timely appealed and set forth this single assignment of error, which presents a question of first impression for this court:
 {¶ 8} "The trial court erred to the prejudice of appellant in determining that a statute which requires a unanimous vote of a legislative body as an entity requires a unanimous vote of all members of the legislative body."
 {¶ 9} An appellate court's review of the interpretation and application of a statute is de novo. Akron v. Frazier (2001),142 Ohio App.3d 718, 721. Additionally, an appellate court does not give deference to a trial court's determination in making its review. Id. "In interpreting a statute, a court's principal concern is the legislative intent in enacting the statute." Bd. of Park Commrs. of LakeMetroparks v. Norfolk and Western Ry. Co. (1999), 131 Ohio App.3d 412,417, citing State v. S.R. (1992), 63 Ohio St.3d 590, 594. Under Ohio law, a court must first look to the language of the statute itself to determine the legislative intent. Id. (citations omitted).
 {¶ 10} Furthermore, where the enactment of a legislative body involves levying an assessment against property, "[s]trict construction * * * is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed."Davis v. Willoughby (1962), 173 Ohio St. 338, paragraph one of syllabus;Gulf Oil Corp. v. Kosydar (1975), 44 Ohio St. 2d 208, paragraph one of syllabus; Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. ofRevision, 74 Ohio St.3d 639, 642, 1996-Ohio-232.
 {¶ 11} The Trustees rely on a court of appeals case, a common pleas court case, and two Ohio Attorney General Opinions interpreting zoning and tax abatement statutes to create a general rule defining the meaning of "unanimous" for all actions of a legislative body. The Trustees argue that where a statute contains the language "a unanimous vote," as opposed to "a unanimous vote of all the members," a township board of trustees may act unanimously if all members of a board constituting a quorum of the board agree on a particular action, with no voting member dissenting.
 {¶ 12} However, the present case concerns the scope of the township trustees' authority to repair and improve township roads and highways. In Ohio, it is well-settled that "all statutes which relate to the same general subject matter must be read in pari materia." Johnson's Markets,Inc. v. New Carlisle Dept. Of Health (1991), 58 Ohio St.3d 28, 35
(citations omitted). Therefore, it is more appropriate in determining the Legislature's intent that we look to statutes which apply to the same or similar subject matter. Id.
 {¶ 13} R.C. 505.01, which governs the composition of boards of township trustees, states that, "in each township there shall be a board of township trustees consisting of three members."
 {¶ 14} In addition, R.C. 505.82(A), states, in relevant part: "If a board of township trustees by unanimous vote or, in the event of theunavoidable absence of one trustee, by an affirmative vote of two trustees adopts a resolution declaring that an emergency exists that threatens life or property * * * or that such an emergency is imminent, the board may exercise the powers described in divisions (A)(1) and (2) and (B)[1] of this section during the emergency for a period of time not exceeding six months following the adoption of the resolution. The resolution shall state the specific time period for which the emergency powers are in effect."
 {¶ 15} This particular statute uses the term "unanimous vote" without modification, and then distinguishes this term from "an affirmative vote of two trustees." This statute affirmatively demonstrates an example opposite to the broad rule that the Trustees seek to have this court adopt, by showing where the legislature intended the plain meaning of the term "unanimous vote" to equal a 3-0 vote.
 {¶ 16} The statute at issue in this case, R.C. 5571.15, reads, in pertinent part, "except as provided in division (B) of this section, the board of township trustees, without the presentation of a petition, may take the necessary steps to construct, reconstruct, resurface, or improve a public road or part thereof, upon the passage of a resolution byunanimous vote declaring the necessity for the construction, reconstruction, resurfacing or improvement." (Emphasis added). Section (B) further provides that, "[i]f the primary reason for the reconstruction, resurfacing or improvement of a public road or part thereof is to improve the drainage of water from the surface of the road, as declared by the resolution, and there is no presentation of a petition, the board may proceed upon the passage of the resolution bymajority vote." (Emphasis added).
 {¶ 17} Reading the words and phrases of the R.C. 5571.15(A) and (B) together in this context, and giving effect to the words used, it becomes apparent that if we choose the meaning of "unanimous vote" that the Trustees seek to advance, that is, unanimous meaning the concurrence of the two board members present to vote on the resolution at issue, then the "majority vote" language in R.C. 5571.15(B) is rendered superfluous. Since both sections of the statute pertain to the approval of road construction, reconstruction, resurfacing or improvement without the presentation of a petition, such a reading would render the terms "majority vote" and "unanimous vote" meaningless distinctions within the context of R.C. 5571.15.
 {¶ 18} R.C. 5573.01, entitled "Resolution for road improvement", further emphasizes that the General Assembly intended for the terms "unanimous vote" and "majority vote" to have distinct meanings. The statute states, in relevant part, that "[w]hen the board of township trustees has determined that any road shall be constructed, reconstructed, resurfaced, or improved, the board shall determine by resolution, by unanimous vote if acting without a petition, and by amajority vote if acting upon a petition, the route and termini of the road, and the kind and extent of the improvement * * *." Id. Courts should "follow the well established dictate that `statutes be construed to avoid unreasonable or absurd consequences,'" Stout v. Bd. of Trusteesof Liverpool Twp. (Mar. 22, 2000), 9th Dist. No. 2907-M, 2000 Ohio App. LEXIS 1122, at *5 (citations omitted). If we were to adopt the definition of "unanimous vote" the Trustees are promoting, then we would be inviting one such unreasonable consequence. The Trustees first argument is without merit.
 {¶ 19} Next, the Trustees argue that basic rules of statutory interpretation mandate that every court must give effect to the words used, and not delete words used nor insert words not used in a statute. The Trustees argue that by reading the term "unanimous vote" as an affirmative vote of all three of the members of the board as opposed to a concurrence of the majority of the members present, the trial court is inserting the words "of its members" following the words "unanimous vote" in the statute.
 {¶ 20} This court has stated that "[i]n interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage." Bd. of Park Commrs. of Lake Metroparks,
131 Ohio App.3d at 417 (citations omitted). "Courts do not have the authority to ignore the plain and unambiguous language of the statute * * * but must give effect to the words used. In other words, courts may not delete words used or insert words not used." Id. (internal citations omitted). Therefore, while we agree in broad principle with the Trustees that courts should not delete words used in the statute or insert words not used, the trial court did not do so. Rather than adding or deleting words, the trial court read the words as written, within the context of the statute. Had the trial court accepted the Trustees' preferred reading of the term "unanimous vote," it would have, in effect, either deleted
the term "unanimous vote" from 5571.15(A) or the term "majority vote" from section 5571.15(B) by making the two terms functional equivalents. Instead, the trial court preserved the distinction between these words.
 {¶ 21} The Trustees state that, the trial court, in determining that the unanimous vote requirement in R.C. 5571.15(A) required a unanimous vote of all members of a township board of trustees, failed to recognize the clear distinction between the statutory provisions. The trustees maintain that a dissenting vote by a single member of a township board of trustees would prevent any road improvement pursuant to division (A) of the statute. However, a dissenting vote of a single trustee would not prevent a majority vote necessary to support a road improvement resolution under division (B) of the statute. We do not agree.
 {¶ 22} R.C. 1.51, states that "[i]f a general provision conflicts with a special * * * provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special * * * provision prevails as an exception to the general provision."
 {¶ 23} We can only conclude that by setting out section (B) as an exception to the general rule, the Legislature intended to create a special provision. By construing the language as it did, the trial court, rather than failing to recognize the distinction between the statutory provisions, preserved the distinction between them, which would have otherwise been lost under the Trustees' preferred reading. The trial court, in reaching its decision, implicitly recognized a different, more relaxed, standard for passing resolutions related to improving the roads when water drainage problems are involved, as opposed to a stricter standard for passing resolutions for more standard types of road improvements.
 {¶ 24} The Ohio Supreme Court has stated that "[i]n reading such statutes [relating to the same subject matter] in pari materia, and construing them together, th[e] court must give such a reasonable construction as to give the proper force and effect to each and all such statutes." Johnson's Markets, 58 Ohio St.3d at 35 (citation omitted). This is exactly what the trial court accomplished. The Trustees' second argument is therefore without merit.
 {¶ 25} While the Trustees' effort to seek clarification of this issue of legislative interpretation is understandable in this case, their sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Divisions (A)(1), (A)(2) and (B) all relate to the removal of snow, ice and debris from undedicated roads or stream banks, provided the board has either given or made a good faith attempt at giving oral notice of the board's intent to clear the road or bank. The board is then required to establish just and equitable service charges, and keep record of them, so that they may be paid either by the owner or divided among the owners, on an equitable basis, or the board may enter into a contract with a developer, whereby the developer agrees to pay the service charges instead of the owners. This situation is analogous to R.C. 5571.15(B), in that the unanimous vote is required because the action of the board is taken without petition and/or hearing, and property owners are to be assessed the costs. One can also recognize a parallel between R.C. 505.82
and R.C. 5571.15(B), authorizing repairs to the road for the purposes of improving the drainage of water. R.C. 505.82 is more akin to an emergency situation, therefore allowing for an exception to the presumption of a unanimous 3-0 vote.