OPINION
{¶ 1} In the instant appeal, appellant, Edward F. Sicher, Jr., appeals the judgment of the Geauga County Court of Common Pleas, modifying his child support obligation. For the reasons that follow, we reverse the judgment of the lower court, and remand for proceedings consistent with this opinion.
 {¶ 2} Sicher and appellee, Pamela Smoske, were divorced in Texas on December 4, 1998. The agreed upon judgment entry and decree of divorce entered by *Page 2 
the Texas court, setting forth the respective rights and obligations of the parties, ordered Sicher to pay child support in the total amount of $700 per month for the children of the marriage, Cody (d.o.b. 2/4/92) and Seanna (d.o.b. 11/20/93) Sicher.
 {¶ 3} In the summer of 1999, Smoske and the children relocated from Texas to Geauga County, Ohio, where they currently reside with Smoske's new husband, Robert. Sicher currently resides in Fort Lauderdale, Florida, and has never resided in Ohio. It is undisputed that Smoske did not register the Texas child support order in Ohio, as required by R.C.3115.46.
 {¶ 4} On April 21, 2005, Smoske commenced the instant action with a Motion for an Order Assuming Jurisdiction of a Child Custody Proceeding, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as codified in 3127.01 et seq.[1] Sicher received summons from the Ohio court, sent to his Florida address, via certified mail, on April 27, 2005.
 {¶ 5} On May 23, 2005, Sicher filed his answer, admitting the allegations and statements contained in Smoske's motion, including admissions that Smoske and the children were bona fide residents of Ohio, and that the court "has jurisdiction of this matter pursuant to R.C. Sections 3127.15 and 3127.17 because the children and the children's parents do not presently reside in Texas." The answer further requested that *Page 3 
the court "issue an order assuming jurisdiction of the child custody proceeding filed in this matter."
 {¶ 6} On August 23, 2005, Smoske filed a motion for orders "Modifying Terms of Orders for Possession of [the] Minor Children," and a Motion for an Order to Modify Child Support.
 {¶ 7} On November 15, 2005, Sicher filed two motions: The first was a Motion to Modify Transportation Arrangements and Parenting Time Schedule. The second was a Motion to Dismiss Smoske's Motion to Modify Child Support on the grounds that the court lacked subject matter jurisdiction to modify the foreign child support order. Smoske filed a memorandum in response to Sicher's motion.
 {¶ 8} On December 16, 2005, the magistrate issued an order denying Sicher's motion to dismiss. Sicher followed with a Motion to Set Aside the Magistrate's Order. After obtaining leave from the court, Smoske filed her response brief on January 13, 2006. The trial court denied Sicher's motion on January 16, 2006.[2]
 {¶ 9} On March 3, 2006, the trial court held a hearing on the parties' respective motions for modification of the terms of possession and for the modification of transportation arrangements and parenting time schedule. The hearing also addressed Smoske's Motion to Modify Child Support.
 {¶ 10} On March 17, 2006, the court entered an agreed judgment entry on its docket adopting modifications of custody, transportation arrangements and parenting time. *Page 4 
 {¶ 11} On April 10, 2006, the magistrate issued a decision granting Smoske's request to modify child support, which increased Sicher's monthly child support obligation from $700.00 per month to $1,106.80 per month for both children.
 {¶ 12} On April 21, 2006, Sicher filed objections to the magistrate's decision, again arguing that the court lacked subject matter jurisdiction to modify the Texas child support order "since that order was never registered in Ohio, as required by Section 3115.46 of the * * * Revised Code." Smoske filed a brief in response to Sicher's objections on April 28, 2006. Sicher then filed a reply brief.
 {¶ 13} On June 16, 2006, the trial court entered a judgment overruling Sicher's objections to the magistrate's decision, and adopting it in full.
 {¶ 14} Sicher timely filed a notice of appeal, assigning the following as error for our review:
 {¶ 15} "[1.] The trial court erred, as a matter of law, in determining that it had subject matter jurisdiction to modify the Texas child support order.
 {¶ 16} "[2.] The trial court erred, as a matter of law, in determining that is was proper to modify the Texas child support order that plaintiff-appellee failed to register in this state.
 {¶ 17} "[3.] The trial court erred, in the alternative, as a matter of law, in determining that section 3127.08 of the Ohio Revised Code does not entitle defendant-appellant to immunity to personal jurisdiction."
 {¶ 18} Since Sicher's first and second assignments of error make essentially identical arguments, they will be addressed together. In these assignments of error, Sicher challenges neither the court's judgment modifying the terms of the Texas custody agreement, nor its authority to modify the agreement under the UCCJEA. *Page 5 
Rather, he argues that the trial court did not possess subject matter jurisdiction to subsequently grant Smoske's Motion to Modify the Texas support order under the Uniform Interstate Family Support Act ("UIFSA"). Sicher argues that since Smoske failed to properly register the order under the terms of the UIFSA, pursuant to the requirements of R.C.3115.46, the court failed to acquire subject matter jurisdiction under R.C. 3115.48.
 {¶ 19} In the case sub judice, neither party disputes that Smoske satisfied all of the statutory requirements of the UCCJEA, and thus conferred subject-matter jurisdiction upon the trial court to hear that particular matter. Sicher also does not dispute the fact that, though not an Ohio resident, he voluntarily consented to the personal jurisdiction of the Ohio court to make the custody determination.
 {¶ 20} Where the parties disagree, however, presents an issue of first impression for this court, i.e., whether the failure to register the child support order under R.C. 3115.46 precludes the court from modifying a child support order issued in another state under R.C.3115.48, where neither party, nor the child in question, currently resides in that state. In other words, must an individual petitioning the trial court for a modification of a foreign support order register that order pursuant R.C. 3115.46, for the court to have subject matter jurisdiction to modify that order? We answer this question in the affirmative.
 {¶ 21} Whether a court has subject matter jurisdiction over a given case presents a question of law, which an appellate court reviews de novo, without any deference to the lower court. Burns v. Daily (1996),114 Ohio App.3d 693, 701 (citation omitted); accord Nicoson v.Hacker, 11th Dist. No. 2000-L-213, 2001-Ohio-8717, 2001 Ohio App. LEXIS 5657, at *2. Furthermore, since this matter also presents a question of the *Page 6 
interpretation and application of Ohio statutory law, i.e. the UCCJEA and the UIFSA, it is likewise subject to de novo review. See Black v.Bd. of Mecca Twp. Trustees, 11th Dist. No. 2004-T-0031, 2005-Ohio-561, at ¶ 9 (citation omitted).
 {¶ 22} "In interpreting a statute, a court's principal concern is the legislative intent in enacting the statute." Bd. of Park Commrs. of LakeMetroparks v. Norfolk and Western Ry. Co. (1999), 131 Ohio App.3d 412,417, citing State v. S.R. (1992), 63 Ohio St.3d 590, 594. Under Ohio law, a court must first look to the language of the statute itself to determine the legislative intent. Id. (citations omitted).
 {¶ 23} As stated earlier, the instant action was initially brought under the UCCJEA, which provides in relevant part, that:
 {¶ 24} "[A] court of this state may not modify a child custody determination made by a court of another state unless the court of this state has jurisdiction to make an initial determination * * * and * * * [t]he court of this state * * * determines that the child [and] the child's parents * * * do not presently reside in the other state." R.C.3127.17(B). The record reflects, and the parties do not dispute, that the aforementioned elements were satisfied under the UCCJEA, and the court had jurisdiction to decide a child custody determination.
 {¶ 25} However, the definitional section of the UCCJEA defines a child "custody determination" as "a judgment, decree, or other order that provides for legal custody, physical custody, parenting time, or visitation with respect to a child[,]" but "does not include an order orthe portion of an order relating to child support or other monetary obligations of an individual." R.C. 3127.01(B)(3) (emphasis added). Thus, by its own *Page 7 
terms, the court's subject matter jurisdiction under the UCCJEA does not extend to allow it to determine orders related to support.[3]
 {¶ 26} We now turn to the provisions of the UIFSA, as codified in R.C. Chapter 3115 to determine whether the trial court had subject matter jurisdiction to modify the Texas child support order.
 {¶ 27} It is a well-settled proposition of law that "all statutes which relate to the same general subject matter must be read in parimateria." Johnson's Markets, Inc. v. New Carlisle Dept. Of Health
(1991), 58 Ohio St.3d 28, 35 (citations omitted). Thus, we must look to how each of the relevant portions of the statute relate to one another to determine the legislative intent. Furthermore, this court has held that "[i]n interpreting a statute, `words and phrases shall be read in context and construed according to the rules of grammar and common usage.'" Bd. of Park Commrs., 131 Ohio App.3d at 417 (citations omitted). "Courts do not have the authority to ignore the plain and unambiguous language of a statute * * * but must give effect to the words used * * *. In other words, courts may not delete words used or insert words not used." Id. (citations omitted).
 {¶ 28} The UIFSA "is the latest in a series of laws promulgated as part of an effort to deal with the problems associated in the enforcement of interstate support orders." Lyles v. Lyles (Jan. 26, 2001), 2nd Dist. No. 18418, 2001 Ohio App. LEXIS 221, at *4. (citation omitted). "Under [the] UIFSA, when State A issues a support order, *Page 8 
and the obligor then moves to State B, the support obligee may directly enforce the order of support by sending the order: (1) to the obligor's employer in State B, who is then required to withhold and distribute the funds as directed by the order; or (2) to the support enforcement agency of State B, which is then required to use administrative procedure to enforce the support order. * * * A support obligee may also register the support order in State B pursuant to [the UIFSA]. Once an order isproperly registered and confirmed, it is enforceable in the same manner as any order issued by State B. However, the Act provides that so long as one of the parties continues to reside in State A, which originally rendered the order of support, that state will maintain continuing and exclusive jurisdiction over the matter." Id. at *5. (citations omitted) (emphasis added).
 {¶ 29} R.C. 3115.12 sets forth the procedure for initiating proceedings under the UIFSA, and provides that "[a]n individual * * * may commence a proceeding authorized under sections R.C. 3115.01 to 3115.59
of the Revised Code by filing a complaint in an initiating tribunal for forwarding to a responding tribunal or by filing a complaint or a comparable pleading directly in a tribunal of another state that has or can obtain personal jurisdiction over the defendant."
 {¶ 30} R.C. 3115.03 provides that "[i]n a proceeding to * * * modify a support order * * * a tribunal * ** may exercise personal jurisdiction
over a nonresident individual" if any of a number of specifically enumerated conditions are met. R.C. 3115.03(A)-(H) (emphasis added). Among these, a court may exercise personal jurisdiction if "[t]he individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive pleading or other document having the effect of waiving any contest to personal jurisdiction." R.C. 3115.03(B). *Page 9 
 {¶ 31} A review of the record indicates that Sicher filed a "Waiver of Service" on November 15, 2005, which stated that he had "received a copy of the Motion for Orders (1) Modifying the terms of Orders for Possession of the Minor Children; and (2) Modifying Child Support * * *, and that he waives service of summons in this proceeding as authorized by law." Thus, he has waived the issue of personal jurisdiction for the purpose of the order of modification for child support. SeeAutomotive Equip. Co. v. Hassenruk (Oct. 20, 1993), 9th Dist. No. 92CA005520, 1993 Ohio App. LEXIS 5292, at *7 ("There are three ways a court may obtain jurisdiction over a person: (1) pursuant to proper service of process; (2) pursuant to the person's affirmative waiver ofservice; or (3) pursuant to the person's voluntary entry of appearance.") (citation omitted).
 {¶ 32} That said, "[i]t is fundamental that in order to grant relief requested on a claim presented in an action the court in which the action is filed must have both personal jurisdiction of the partiesand subject matter jurisdiction of the claim for relief involved. In Ohio, the jurisdiction of the court of common pleas and its divisions is determined by statute." Compton v. Compton (June 11, 1999), 2nd Dist. No. 99-CA-17, 1999 Ohio App. LEXIS 2592, at *3, citing Article IV, Section 4(b), Ohio Constitution and Mattone v. Argentina (1931), 123 Ohio St. 393, 397 (emphasis added).
 {¶ 33} Judgments rendered by courts lacking subject matter jurisdiction are void ab initio. Patton v. Diemer (1988),35 Ohio St.3d 68, at paragraph three of the syllabus; Bright v. Family Medicine Fdn.,Inc. 10th Dist. No. 02AP-1443, 2003-Ohio-6652, at ¶ 14 (citation omitted); Nelson v. Szykulski (Dec. 5, 1997), 11th Dist. No. 97-T-0042, 1997 Ohio App. LEXIS 5446, at *6 (citation omitted). Thus, subject matter jurisdiction, unlike personal jurisdiction, is not subject to waiver, and forms the basis for a mandatory *Page 10 
dismissal of an action. State ex rel. Lawrence Dev. Co. v. Weir (1983),11 Ohio App.3d 96, at paragraphs one and two of the syllabus.
 {¶ 34} R.C. 3115.46 states that "a party seeking to modify, or to modify and enforce, a child support order issued in another state,shall register that order in this state pursuant to section 3115.39 of the Revised Code." R.C. 3115.46 (emphasis added). As is evident from the word "shall," the provisions of R.C. 3115.46 are mandatory, and the petitioner must comply.
 {¶ 35} R.C. 3115.39(A) provides for the registration of a child support order under the UIFSA from another state for the purposes ofenforcement, "when certain procedures are followed." Compton, 1999 Ohio App. LEXIS 2592, at *5, citing R.C. 3115.39(A). If such procedures are followed, the Ohio Court is required to register the foreign order. Id., citing 3115.39 (B). The UIFSA defines a "[c]hild support order" as "an order for the support of a child that provides for monetary support, whether current or in arrears, health care, or reimbursements, and may include related costs and fees * * * and other relief." R.C. 3115.01(B).
 {¶ 36} In the instant matter, there is no evidence, and indeed Smoske concedes, that she never registered the child support order pursuant to R.C. 3115.39 or R.C. 3115.46. Thus, Smoske has clearly not met the statutory requirements.
 {¶ 37} Moreover, even if Smoske had properly registered the support order under R.C. 3115.46, the trial court would have lacked subject matter jurisdiction to modify the order, since "R.C. 3115.48 `determines when a registering Ohio tribunal gains jurisdiction to modify an order.'" Young v. Rogers, 12th Dist. No. CA2001-08-183, 2002-Ohio-5135, at ¶ 9 (citation omitted). *Page 11 
 {¶ 38} The Second Appellate District has explained the interaction between R.C. 3115.46 and R.C. 3115.48 as follows:
 {¶ 39} "R.C. 3115.46 authorizes the domestic relations court to modify a foreign support order registered pursuant to R.C. 3115.39. However, R.C. 3115.48(A) prohibits application of Ohio's laws to modify the registered order unless at least one of the following two circumstances is found by the court to exist:
 {¶ 40} "(1) The child, the individual obligee, and the obligor subject to the support order do not reside in the issuing state, petitioner whois a nonresident of this state seeks modification, and the respondent is subject to personal jurisdiction of the tribunal of this state[,] [or]
 {¶ 41} "(2) The child, or a party who is an individual, is subject to the personal jurisdiction of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order * * *."Compton, 1999 Ohio App. LEXIS 2592, at *7, citing R.C. 3115.48(A). (emphasis sic).
 {¶ 42} Under Ohio's version of the UIFSA, the "[i]ssuing state" is "the state in which a tribunal issues a support order." R.C. 3115.01(I). In this case, the support order was issued in Texas. While it is undisputed that none of the relevant individuals reside in the issuing state, R.C. 3115.48(A)(1) additionally requires that the petitioner, in this case, Smoske, be a nonresident of Ohio. Since Smoske, as the petitioner is an Ohio resident, the first condition is not satisfied.
 {¶ 43} The purpose for requiring that the party seeking modification of the support order not be a resident of the registering state "is to avoid the effects of `hometowning' which have plagued interstate support as well as custody cases." *Page 12 
 Compton, 1999 Ohio App. LEXIS 2592, at *8, citing Baldwin's Ohio Domestic Relations Law 83-84, Section 23.43.
 {¶ 44} The second condition, under R.C. 3115.48(A)(2), is also not satisfied since "all parties have not given written consent authorizing an Ohio court to modify the order." Young, 2002-Ohio-5135, at ¶ 15.
 {¶ 45} When read in pari materia with the other provisions of the UIFSA, the effect of R.C. 3115.48(A) is clear. "Though R.C. 3115.48(A) employs a form of `contacts' test, it neither confers nor deniespersonal jurisdiction. Rather, it confers subject matter jurisdiction in the court to modify a foreign support order registered in Ohio * * * when the conditions of Divisions (1) or (2) of R.C. 3115.48(A) are satisfied." Compton, 1999 Ohio App. LEXIS 2592, at *7-*8.
 {¶ 46} Smoske nevertheless argues that since the trial court was able to properly exercise personal jurisdiction, pursuant to R.C. 3115.03, the "plain language" of R.C. 3115.04 acts to confer subject matter jurisdiction on the court to modify the child support order,despite the requirements of R.C. 3115.48. We do not interpret this section so broadly.
 {¶ 47} It is instructive to view the statute as a whole. R.C. 3115.04
is entitled "Procedure when exercising jurisdiction over nonresident," and provides that "[a] tribunal * * * exercising personaljurisdiction over a nonresident under section 3115.03 of the Revised Code may apply section 3115.27 of the Revised Code to obtain evidence from another state and Section 3115.29 of the Revised Code to obtain discovery through a tribunal of another state. In all other respects, sections 3115.12 to 3115.52 of the Revised Code are not applicable and the tribunal * * * shall apply the procedural and substantive law of this state." (Emphasis added). *Page 13 
 {¶ 48} The crux of Smoske's argument turns on the phrase "[i]n all other respects, sections 3115.12 to 3115.52 of the Revised Code, are not applicable," as contained in R.C. 3115.04. Smoske asserts that this means that "where personal jurisdiction has attached, and 3115.03 applies, R.C. 3115.04 expressly makes inapplicable R.C. 3115.39-.52, the `registration' parts of the UIFSA."
 {¶ 49} Although this issue has not yet been addressed in Ohio, other jurisdictions have addressed this identical question. In Case v.Case (Ut.App. 2004), 103 P.3d 171, 2004 UT App 423, the father and mother were married in California, and two children were born as issue of the marriage. Id. at ¶ 2. The parties obtained a divorce in California which contained an order for child support. Id. In addition, the California judgment reflected that, at the time of the divorce, the mother had moved to Utah and the father had moved to Maryland. Id. The mother then subsequently sought a modification of the California Order in the Utah courts. Id. at ¶ 11.
 {¶ 50} The Court of Appeals of Utah reviewed the father's appeal challenging the trial court's subject matter jurisdiction to modify the child support provisions contained in the California judgment. Id. at ¶ 5. The issue the Utah court sought to determine was whether the language of Utah Code 78-45-f-202, which corresponds to R.C. 3115.04, "trumps the subject matter jurisdiction requirements found in * * * section 78-45f-611" (the corresponding statute to R.C. 3115.48). Id. at ¶ 13. The court found the statutory language "ambiguous" and, in the absence of case law on the subject, examined the official comments section to the UIFSA, on which the Utah statutes were based. Id. In holding that the trial court lacked subject matter jurisdiction to modify the California order, in the absence of complying with the statutory requirements, the court held that "the UIFSA drafters intended the exclusions of section 202 to apply in one-state *Page 14 
proceedings where the forum state's court has subject matter jurisdiction over the case, and asserts personal jurisdiction over the out-of state party * * *. Accordingly, section 202 only applies to proceedings to establish, enforce, or modify support orders of the forum state against an out-of-state respondent. It is not applicable when the support order was rendered by a state other than the forum state." Id. at ¶ 15 (emphasis added).
 {¶ 51} The Tennessee Supreme Court, in LeTellier v. LeTellier
(Tenn. 2001), 40 S.W.3d 490, reached the same conclusion. InLeTellier, a court in the District of Columbia entered an order adjudging paternity and ordering the father to pay child support. Id. at 492. Later, the mother moved with the child to Tennessee while the father moved to Virginia. Id. The mother then filed petitions in the Tennessee court to modify the child support award. Id. The Court held that the Tennessee courts lacked "subject matter jurisdiction to modify out-of-state orders when the provisions of UIFSA are not satisfied." Id. at 495. In so doing, the court relied on the fact that the comments to analogous Tennessee statutes made "no reference to subject matter jurisdiction and appear[ed] to presume that subject matter jurisdiction exists." Id. at 494. Thus, the court reasoned that the exclusionary provisions of the statute, "simply reaffirm[ed] the notion that the multistate provisions of UIFSA have no application when only one state is implicated." Id. at 495.
 {¶ 52} This conclusion is borne out by viewing the current version of the UIFSA as subsequently amended by the drafters. In addition to the eight factors corresponding to R.C. 3115.03(A)-(H), the drafters of the code adopted the following additional statement:
 {¶ 53} "The bases of personal jurisdiction set forth in subsection (a) * * * may not be used to acquire personal jurisdiction for a tribunal of the State to modify a child *Page 15 
support order unless the requirements of [section 611-the equivalent to R.C. 3115.48] are met." UIFSA § 201(b).
 {¶ 54} We find the preceding authority persuasive. "It is a primary rule of statutory construction that courts should not construe one statute in a way that would abrogate, defeat, or nullify another statue, where a reasonable construction of both is possible." Cty. of San Diegov. Elavsky (1979), 58 Ohio St.2d 81, 86 (citation omitted). To adopt Smoske's interpretation of R.C. 3115.04, rather than that of the Tennessee and Utah courts, would render the provisions of R.C. 3115.48
wholly superfluous. This we decline to do.
 {¶ 55} Sicher's first and second assignments of error are with merit.
 {¶ 56} In his third assignment of error, Sicher argues that the trial court erred in modifying the Texas child support order, since the terms of R.C. 3127.08 provided him with immunity from the trial court's exercise of personal jurisdiction. Our decision regarding appellant's first and second assignments of error dispose of this appeal and render Sicher's third assignment of error moot. Salisbury v. Salisbury, 11th Dist. Nos. 2005-P-0010 and 2005-P-0084, 2006-Ohio-3543 at ¶ 109, citingWilburn v. Cleveland Psychiatric Inst. (1998), 126 Ohio App.3d 153, 158; App.R. 12(A)(1)(c).
 {¶ 57} Our review of the record indicates another reason, aside from the mootness issue, for us to decline to address this assignment of error. Sicher did not raise the issue of immunity to the court's personal jurisdiction under R.C. 3127.08 at the trial court level, and therefore, it is waived for the purposes of appeal. See Arrich v.Moody, 11th Dist. No. 2004-T-0100, 2005-Ohio-6152, at ¶ 26 ("It is well-established that a litigant's failure to raise an issue with the trial court waives the litigant's right to raise that issue on appeal.") (citation omitted). *Page 16 
 {¶ 58} We reverse the judgment of the Geauga County Court of Common Pleas, and remand to the lower court to enter a judgment dismissing the case for lack of subject matter jurisdiction.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY OTOOLE, J., dissents with a Dissenting Opinion.
[1] "On January 10, 2005, the Ohio General Assembly approved Sub. S.B. No. 185, Ohio's version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), [which became] effective [on] April II, 2005." Pearson v. Pearson, 4th Dist. No. 04CA6, 2005-Ohio-4909, at ¶ 9 n. 1; accord Harris v. Harris, 11th Dist. Nos. 2004-T-0057 and 2004-T-0107, 2005-Ohio-6077, at ¶ 28. Thus, the instant action was properly filed under the UCCJEA. In addition to the aforementioned motion, Smoske also filed a Notice of Filing of Child Custody Determination of Another State, i.e, a "Registration of Out-of-State Child Custody Determination," pursuant to R.C. 3127.35, along with a certified copy of the Texas Final Decree of Divorce, and a "Parenting Affidavit." The affidavit stated, in relevant part, that Smoske and her children had been residents of Ohio since July, 1999, and that she had not "participated as a party, witness, or in any other capacity in any other proceeding concerning the allocation * * * of parental rights and responsibilities for the care of the children," except for the original proceeding held in Texas.
[2] It appears that Sicher filed a Reply Brief to Smoske's response brief on January 20, 2006, the same day his motion was decided. However, it is time stamped after the judgment entry, and appears not to have been considered by the court in ruling on Sicher's motion.
[3] This particular point eviscerates the argument that subject matter jurisdiction over the issue of child support is automatically conferred through R.C. 3109.04(A) and 3105.65(B) merely because Sicher submitted to the court's personal and subject-matter jurisdiction under R.C. Chapter 3127. Although R.C. 3109.04(A) generally grants broad powers to the court in determining parental rights and responsibilities, it has the additional requirement that the allocation of parental rights and responsibilities be done "in accordance with sections 3127.01 to 3127.53of the Revised Code * * *." (Emphasis added). The jurisdictional powers conferred by R.C. 3105.65(B), on the other hand, are limited, by their own terms, to a domestic relations court's enforcement of "its (own)decree." (Emphasis added).