[Cite as *Patton v. Patton*, 2012-Ohio-5798.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

KAREN K. PATTON                                    :

     Plaintiff-Appellant                              :           C.A. CASE NO.     25346

v.                                                                  :           T.C. NO.     11FS047

RUSSELL L. PATTON                               :           (Civil appeal from Common
                                                                               Pleas Court, Domestic Relations)

     Defendant-Appellee                             :

                                                                     :

. . . . . . . . . .

# O P I N I O N

Rendered on the    7th    day of    December   , 2012.

. . . . . . . . . .

DAVID M. McNAMEE, Atty. Reg. No. 0068582 and MATTHEW BROWN, Atty. Reg. No.
0081510, 42 Woodcroft Trail, Suite D, Dayton, Ohio 45430
     Attorneys for Plaintiff-Appellant

TONYA M. ROBINSON, Atty. Reg. No. 0070494, Four SeaGate, Suite 400, Toledo, Ohio
43604
     Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** Karen Patton appeals from a judgment of the Montgomery County

Court of Common Pleas, Domestic Relations Division, which denied her petition to register Michigan court orders related to child support and child custody. The Michigan orders were contained in the Michigan court's Judgment of Divorce between Ms. Patton and her former husband, Russell Patton.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed with respect to the support order and reversed with respect to the custody order. The matter will be remanded for the trial court to register the custody decree.

I

{¶ 3} The Pattons were divorced in 2008 in Lenawee County, Michigan. The divorce decree provided, among other things, that Ms. Patton would have physical custody of the couple's three children, and Mr. Patton would pay child support.

{¶ 4} In 2010, Ms. Patton sought to register the Michigan support order in the Wood County, Ohio, Court of Common Pleas, with the help of the Wood County Child Support Enforcement Agency. At the time of this request, Mr. Patton lived in Wood County, and Ms. Patton lived with the children in Montgomery County, Ohio. Mr. Patton did not object to Ms. Patton's request to register the support decree, and the Wood County court granted the request.

{¶ 5} In December 2011, Ms. Patton filed a "Petition to Register Foreign Decree for Modification of Parenting Time and Modification of Child Support," which sought to register both the child custody and child support aspects of the Michigan order, in the Montgomery County Court of Common Pleas, Domestic Relations Division. Pursuant to R.C. 3115.42(A) and R.C. 3127.35(C), Mr. Patton was notified of this filing and informed of

his right to contest the validity of the Michigan order or its enforcement through the Montgomery County court. Mr. Patton made a "limited appearance" to object to the filing of the petition. He argued that the Michigan decree "was properly registered in Wood County," that Ms. Patton had requested the registration in that forum, that proceedings were pending in that court related to a modification of child support, and that the Wood County court should have exclusive jurisdiction with respect to the enforcement of the Michigan decree.

{¶ 6}     The matter was submitted to a magistrate on the briefs, and the magistrate concluded that "each of the two courts [in Ohio] is a permissible venue for the pending matters," but that, "in the interests of judicial economy, * * * all matters should be consolidated in Wood County." The magistrate found that Ms. Patton's petition to register the decree in Montgomery County should be dismissed on the condition that Mr. Patton consent to the registration of the decree, as it pertained to custody matters, in Wood County.

{¶ 7}     Ms. Patton filed objections to the magistrate's decision, but the trial court overruled the objections. The trial court found that the decree had first been registered in Wood County and that Wood County "is the proper jurisdiction to resolve any matters regarding the modification or enforcement of the foreign support order."

II

{¶ 8}     Ms. Patton appeals from the trial court's denial of her petition to register the Michigan decree, asserting that the trial court abused its discretion in failing to register the order for custody and parenting time, because that portion of the order was never registered in any other court.

{¶ 9} This matter presents questions involving the interpretation and application of law, particularly the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Ohio at R.C. Chapter 3127, and the Uniform Interstate Family Support Act ("UIFSA"), codified in Ohio at R.C. Chapter 3115. As such, we review the trial court's decision de novo. *Smoske v. Sicher*, 11th Dist. Geauga Nos. 2006-G-2720, 2006-G-2731, 2007-Ohio-5617, ¶ 21, citing *Black v. Bd. of Mecca Twp. Trustees*, 11th Dist. Trumbull No. 2004-T-0031, 2005-Ohio-561, ¶ 9.

{¶ 10} As a preliminary matter, we note that neither the parties nor the trial court consistently differentiated between the support order and the child custody order in the lower court proceedings. The distinction is significant. Although the orders with respect to child support and child custody were contained in one Judgment of Divorce in the Michigan court, when it comes to enforcement of those orders in other states, custody issues are governed by the UCCJEA, and child support issues are governed by the UIFSA. The procedures for registering the two types of orders are also distinct, and a request for the registration of one type of order does not automatically trigger the registration of the other.

{¶ 11} The UCCJEA provides for jurisdiction over a child "custody determination," which it defines as "a judgment, decree, or other order of a court that provides for legal custody, physical custody, parenting time, or visitation with respect to a child," but "does not include an order or the portion of an order relating to child support or other monetary obligations of an individual." R.C. 3127.01(B)(3). *See also Smoske* at ¶ 25. The UIFSA provides for jurisdiction over a "child support order," which it defines as "an order for the support of a child that provides for monetary support, whether current or in arrears, health care, or reimbursements, and may include related costs and fees, interest,

income withholding requirements, attorney fees, and other relief." R.C. 3115.01(B).

{¶ 12} For purposes of this appeal, we will assume that the support order was properly registered in Wood County, at Ms. Patton's request, in accordance with the UIFSA. The Wood County judgment, which was attached to Mr. Patton's objections to Ms. Patton's petition, clearly states that only the support decree was registered; it did not address or register the custody decree.

{¶ 13} The procedure for registering a foreign custody decree is set forth at R.C. 3127.35; it requires the presentation of certain documents, information, and fees, on the receipt of which the trial court *shall* do both of the following:

> (1) Cause the child custody determination to be filed as a foreign judgment *
> * *;
>
> (2) Serve notice of the registration request upon the persons named [as having parenting rights], * * * and provide them with an opportunity to contest the registration in accordance with this section.

R.C. 3127.35(B). A person seeking to contest the validity of a registered order must request a hearing within 30 days of the service of notice. R.C. 3127.35(D). At the hearing, the court "shall confirm the registered order" unless the person contesting registration establishes one of the following circumstances:

> (1) The issuing court did not have jurisdiction * * *;
>
> (2) The child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so * * *;
>
> (3) The person contesting registration was entitled to notice of the child

custody proceeding for which registration is sought, but notice was not given

\* \* \*."

R.C. 3127.35(D).

{¶ 14} The language of R.C. 3127.35 requires the trial court to confirm the registered order if certain filing requirements are satisfied as to the registration of the foreign decree and if a person opposing registration does not establish one of the statutory bases for contesting such registration. R.C. 3127.35(D). Mr. Patton did not assert, much less establish, that any of the bases for contesting registration existed, i.e., that the Michigan court that awarded custody lacked jurisdiction to do so, that the custody determination had been vacated, stayed, or modified, or that he had not received proper notice of the earlier proceedings. He also did not assert that the filing requirements had not been met. Mr. Patton relied on the fact that the Wood County court had properly registered the support order.

{¶ 15} It is clear from the Wood County order that its registration did not extend to the issue of child custody, but was limited to the "foreign support order." Given the requirement contained in R.C. 3127.35 that a foreign custody decree be registered if none of the specified objections is presented, and given Mr. Patton's failure to assert any of the specified objections in this case, we conclude that the trial court erred in refusing to register the foreign custody decree. Although we understand the trial court's concern that the registration of the support and child custody decrees in separate Ohio courts may create some inefficiencies, the court did not have the authority to deny the registration of the child custody decree on that basis.

{¶ 16}     With respect to the support decree, however, it is undisputed Wood County has already registered the Michigan decree, at Ms. Patton's request, and that the support decree is enforceable in Ohio through that court.   Ms. Patton has cited no authority for her position that the trial court should have – or was permitted to – re-register the support decree in Montgomery County in this situation.   Thus, we find no error in the trial court's refusal to register the support decree in Montgomery County.

{¶ 17}   Ms. Patton's assignment of error is sustained in part and overruled in part.

III

{¶ 18}     The judgment of the trial court will be affirmed insofar as it rejected Ms. Patton's petition to register a foreign support decree; it will be reversed insofar as it rejected her petition to register a foreign child custody decree.   The matter will be remanded for the trial court to register the child custody decree.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

David M. McNamee
Matthew Brown
Tonya M. Robinson
Hon. Denise L. Cross