[Cite as *Hays v. Kaelin*, 2014-Ohio-3357.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

GLEN HAYS

     Plaintiff-Appellant

v.

MELISSA KAELIN

     Defendant-Appellee


Appellate Case No.    26179

Trial Court Case No.   2013-UJ-04


(Appeal from Common Pleas
 Court-Domestic Relations)

. . . . . . . . . . .

### O P I N I O N

Rendered on the 1st day of August, 2014.

. . . . . . . . . . .


DAVID M. McNAMEE, Atty. Reg. No. 0068582, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431
     Attorney for Plaintiff-Appellant

MELISSA KAELIN, 2025 Brownsboro Road, Apartment 219, Louisville, Kentucky 40206
     Defendant-Appellee-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Plaintiff-appellant, Glen Hays, appeals from the judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, dismissing his objections to a magistrate's decision, which found that the trial court lacked jurisdiction to modify Hays's foreign custody orders, and dismissing his motion for reallocation of parental rights and responsibilities.   For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}    Hays and defendant-appellee, Melissa Kaelin, terminated their marriage on May 29, 2003, in Bullitt County, Kentucky.   On August 11, 2003, the Bullitt Family Court ordered a shared custody arrangement for their minor child, L.H.   The court designated Hays as the primary residential custodian with whom L.H. would reside during the school year.   Kaelin was awarded visitation on alternate weekends and primary physical custody of L.H. during summer vacations.   On August 7, 2012, the Bullitt Family Court issued an order permitting Hays to remove L.H. from Kentucky and to enroll him in Ohio's Mad River School District.   Kaelin, however, remained a resident of Kentucky.   Additional orders amending visitation and holiday parenting time were issued by the Bullitt Family Court in 2011 and 2012.   All parenting issues have been addressed in Bullitt County, Kentucky.

{¶ 3}    On April 25, 2013, Hays filed a petition and deposited a fee under R.C. 3127.35 to register the Kentucky custody orders in the Montgomery County, Ohio, Court of Common Pleas, Domestic Relations Division ("trial court").   In the petition, Hays stated that the registration request was for purposes of modifying the Kentucky custody orders.   Attached to the

petition were certified copies of the orders to be registered. The petition also provided the addresses of each party and averred that the Kentucky custody orders have not been modified. In addition to the petition, Hays filed an affidavit of financial disclosure, an affidavit of child custody, an application for child support services, and a motion for reallocation of parental rights and responsibilities. The motion requested modification of the Kentucky custody orders and provided notice of a July 9, 2013 hearing. The day these filings were made, the trial court issued an entry ordering the Clerk of Court to register and file the Kentucky custody orders in the event Hays filed all the documentation and information required for registration. The trial court's entry also notified Kaelin that she had 20 days to contest the validity of the registration.

{¶ 4} The foregoing filings were served on Kaelin, and on May 13, 2013, she filed an answer with the trial court contesting the registration of the custody orders. In her answer, she claimed, in part, that Kentucky, not Ohio, was the proper jurisdiction to hear custody matters concerning L.H.

{¶ 5} After Kaelin filed her answer, the trial court continued the July 9, 2013 hearing and held a pretrial conference on August 7, 2013. Following the pretrial conference, the trial court held an October 4, 2013 hearing on Hays's petition to register and motion to modify the Kentucky custody orders. The issue before the trial court was whether it had jurisdiction over the custody matter. Both parties attended the hearing.

{¶ 6} On November 1, 2013, a magistrate issued a decision dismissing Hays's motion to modify on grounds that the trial court lacked jurisdiction to modify the Kentucky custody orders. Specifically, the magistrate found that Kaelin still resided in Kentucky, that Kentucky had not declined jurisdiction or transferred jurisdiction to Ohio, and that Ohio was an

inconvenient forum. However, the magistrate ordered the Kentucky custody orders to "remain registered pursuant to R.C. 3127.35 and 3127.36." *See* Magistrate's Decision (Nov. 1, 2013), Montgomery County Court of Common Pleas Case No. 2013 UJ 04, Docket No. 14, p. 4, ¶ 2.

{¶ 7} On November 8, 2013, Hays filed a timely objection to the magistrate's decision, to which Kaelin filed a reply on November 22, 2013. Thereafter, Hays filed supplemental objections on January 21, 2014, and Kaelin again filed a reply on February 10, 2014. After independently reviewing the magistrate's decision, Hays's objections, Kaelin's responses, and the transcript of proceedings, the trial court issued a written decision on March 26, 2014, finding that jurisdiction over the parties' custody issues remains in Kentucky. As a result, the trial court dismissed Hays's objections and dismissed his motion to modify the Kentucky custody orders for lack of jurisdiction. The trial court also held that the Kentucky orders would "remain registered pursuant to R.C. 3127.35 and 3127.36." *See* Decision and Judgment (Mar. 26, 2014), Montgomery County Court of Common Pleas Case No. 2013 UJ 04, Docket No. 23, p. 4, ¶ 3.

{¶ 8} Hays now appeals from the trial court's March 26, 2014 decision dismissing his objections to the magistrate's decision and dismissing his motion to reallocate parental rights and responsibilities, raising a single assignment of error for review.

## Assignment of Error

{¶ 9} Hays's sole assignment of error is as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO REGISTER THE FOREIGN ORDER FOR CUSTODY AND PARENTING TIME.

{¶ 10}   Under his single assignment of error, Hays contends that he fulfilled all the requirements under R.C. 3127.35 for registering the Kentucky custody orders in Ohio, and that the trial court erred in failing to register the custody orders and confirm their registration.

{¶ 11}   The registration of foreign custody orders is governed by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which is codified in Chapter 3127 of the Ohio Revised Code.   Unlike custody and jurisdictional determinations under the UCCJEA, we review a trial court's decision on the registration of foreign custody orders de novo, as that matter presents questions involving the interpretation and application of the law outlined in the UCCJEA.   *See Patton v. Patton*, 2d Dist. Montgomery No. 25346, 2012-Ohio-5798, ¶ 8-9 (using a de novo standard of review to determine whether the trial court erred in failing to register a foreign custody order); *see also Smoske v. Sicher*, 11th Dist. Geauga Nos. 2006-G-2720, 2006-G-2731, 2007-Ohio-5617, ¶ 21 (stating that "a question of the interpretation and application of Ohio statutory law, i.e. the UCCJEA * * * is likewise subject to de novo review"); *compare In re J.E.*, 8th Dist. Cuyahoga No. 97116, 2012-Ohio-704, ¶ 7 (stating that "[t]he determination of child custody under the UCCJEA is within the discretion of the trial court"); *In re M.T.*, 178 Ohio App.3d 546, 2008-Ohio-5174, 899 N.E.2d 162, ¶ 29 (2d Dist.) (stating that "[a] trial court exercises its discretion in determining whether it may exercise jurisdiction over a case under the UCCJEA * * *").

{¶ 12}   The procedure for registering a foreign custody order is set forth in R.C. 3127.35.  Initially, the statute requires the proponent of the registration to present certain documents including:

(1)   A letter or other document requesting that the child custody determination

be registered;

(2)    Two copies, including one certified copy of the determination sought to be registered, and a statement under penalty of perjury that, to the best of the knowledge and belief of the person seeking registration, the order has not been modified;

(3)    [T]he name and address of the person seeking registration and any parent who is designated the residential parent and legal custodian of the child or to have parenting time with respect to the child or any person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered;

(4)    An advance deposit or fee established by the court.

R.C. 3127.35(A)(1)-(4).[1]

{¶ 13} Once the trial court receives the necessary documentation and information, the trial court shall then:

(1)    Cause the child custody determination to be filed as a foreign judgment together with one copy of any accompanying documents and information, regardless of their form;

(2)    Serve notice of the registration request on the persons named pursuant to division (A)(3) of [R.C. 3127.35], and provide them with an opportunity to

[1] In addition to the documentation required by R.C. 3127.35(A), Mont. Co. C.P.R. 4.50 also requires certain forms—a Parenting Proceeding Affidavit and an Application for Child Support Services—to be attached with the petition for registration. The local rule also requires a notice of a hearing date which is not less than 20 days after the date of service of the petition and any motion for modification of the custody order to be filed with the petition.

contest the registration in accordance with this section.

R.C. 3127.35(B)(1)-(2).

{¶ 14}  A person seeking to contest the validity of a registered order must request a hearing within 30 days after receiving notice of the registration.  R.C. 3127.35(D).  If a timely request for a hearing to contest the validity of the registration is not made, the registration is confirmed as a matter of law and the person requesting registration and all persons served in accordance with R.C. 3127.35(B)(2) must be notified of the confirmation.  R.C. 3127.35(E).  However, if the registration is contested and a hearing is held, the trial court shall confirm the registered order at the hearing unless the person contesting the registration establishes one of the following circumstances:

(1)    The issuing court did not have jurisdiction under sections 3127.15 to 3127.24 of the Revised Code or a similar statute of another state;

(2)    The child custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so * * *;

(3)    The person contesting registration was entitled to notice of the child custody proceeding for which registration is sought, but notice was not given * * *.

R.C. 3127.35(D)(1)-(3); *accord Patton*, 2d Dist. Montgomery No. 25346, 2012-Ohio-5798 at ¶ 14 ("The language of R.C. 3127.35 requires the trial court to confirm the registered order if certain filing requirements are satisfied as to the registration of the foreign decree and if a person opposing registration does not establish one of the statutory bases for contesting such registration under R.C. 3127.35(D)").

{¶ 15} Pursuant to R.C. 3127.36(B), a registered foreign custody order is recognized and enforced by the courts of this state, but may not be modified, except in accordance with the provisions of R.C. 3127.15 to R.C. 3127.24. Therefore, the procedure for modifying foreign custody orders is separate and distinct from the registration process set forth in R.C. 3127.35. *See McGhan v. Vettel*, 122 Ohio St.3d 227, 2009-Ohio-2884, 909 N.E.2d 1279, ¶ 19 ("R.C. 3127.17 provides the * * * procedure for determining when Ohio courts may modify a child-custody determination made by an out-of-state court"); *Bonds v. Bonds*, 11th Dist. Ashtabula No. 2010-A-0063, 2011-Ohio-5867, ¶ 50 ("There is no requirement in the Uniform Child Custody Jurisdiction and Enforcement Act that the foreign decree be registered before an Ohio court may modify the foreign child custody determination").

{¶ 16} In this case, Hays's assignment of error only touches on the registration of the Kentucky custody orders, as he did not raise any error with respect to the trial court's decision that it lacked jurisdiction to modify the orders. Because modification is a separate issue and was not a part of Hays's appeal, our review of this matter is limited to the issue of registration under R.C. 3127.35.

{¶ 17} Here, the record establishes that Hays filed all the documentation and information required for registration under R.C. 3127.35(A) and Mont. Co. C.P.R. 4.50, and that Kaelin was given notice of the filings. While Kaelin timely contested the registration via a written answer and was afforded a hearing, she did not assert, much less establish, any of the bases for contesting the registration under R.C. 3127.35(D). Specifically, there is nothing in the record indicating that: (1) the issuing court in Bullitt County, Kentucky lacked jurisdiction to issue the custody orders; (2) the child custody determinations sought to be registered have been

vacated, stayed, or modified; or (3) Kaelin was not provided notice of the child custody proceedings for which registration is sought. Accordingly, under R.C. 3127.35(D), the trial court was required to register the Kentucky custody orders and confirm the registration.

{¶ 18} Contrary to Hays's assertion in his appellate brief, we conclude that the trial court registered the custody orders and confirmed the registration. On April 25, 2013, the trial court ordered the Clerk of Court to register the Kentucky custody orders if all the required documentation and information for registration was filed by Hays. Given that all the required documentation and information was filed, we conclude that the Kentucky custody orders were deemed registered via the trial court's April 25, 2013 order. Following the registration, the trial court held a hearing and the magistrate issued a decision holding, in part, that the Kentucky custody orders would remain registered pursuant to R.C. 3127.35 and 3127.36. The trial court issued the same holding in its March 26, 2014 decision on Hays's objections to the magistrate's decision. In so holding, the trial court impliedly confirmed the registration of the Kentucky custody orders. For the foregoing reasons, we conclude that the trial court registered the orders and confirmed their registration as required by R.C. 3127.35(D).

{¶ 19} Hays's sole assignment of error is overruled.

## Conclusion

{¶ 20} Having overruled Hays's sole assignment of error, the judgment of the trial court is affirmed.

FROELICH, P.J. and FAIN, J., concur.


Copies mailed to:

David M. McNamee
Melissa Kaelin
Hon. Timothy D. Wood