[Cite as *Dinan v. Dinan*, 2014-Ohio-3882.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| SARAH S. DINAN, | : | |
| | | CASE NO. CA2013-09-082 |
| Plaintiff, | : | |
| | | O P I N I O N |
| | : | 9/8/2014 |
| - vs - | | |
| | : | |
| ADAM A. DINAN, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 05DR29815


Sarah S. Dinan, 860 Huntington Drive, Fishkill, New York 12524, plaintiff, pro se

David P. Fornshell, Warren County Prosecuting Attorney, Sarah C. McMahon, 500 Justice Drive, Lebanon, Ohio 45036, for appellant, Warren County CSEA

Joseph R. Matejkovic, 8050 Becket Center Drive, West Chester, Ohio 45069-5018, for defendant-appellee


**S. POWELL, J.**

{¶ 1} Appellant, the Warren County Child Support Enforcement Agency (WCCSEA), appeals from the decision of the Warren County Court of Common Pleas, Domestic Relations Division (Warren County Domestic Relations Court), dismissing its motion for contempt filed against defendant-appellee, Adam Dinan, for his alleged failure to pay current

child support and child support arrearages following his divorce from plaintiff, Sarah Dinan. For the reasons outlined below, we affirm.[1]

{¶ 2} This matter has a lengthy procedural history. As relevant here, Sarah and Adam were married on February 19, 2001. Their relationship produced two children. On December 2, 2005, Sarah filed a complaint for divorce. The Warren County Domestic Relations Court subsequently issued a final divorce decree on July 28, 2006. As part of this final divorce decree, Sarah was granted custody of their two children and Adam was granted parenting time. The final divorce decree also ordered Adam to pay child support in the amount of $2,500 per month, plus a two-percent processing fee, for a total monthly obligation of $2,550. According to WCCSEA, this amount later increased to a total monthly obligation of $3,060. At the time of their divorce, it is undisputed Sarah and Adam both lived in Ohio.

{¶ 3} In September 2007, approximately one year after the Warren County Domestic Relations Court issued its final divorce decree, Sarah and the children moved to Massachusetts. A few months later, on March 13, 2008, the Warren County Domestic Relations Court issued a decision decreasing Adam's total monthly child support obligation to $746.03. Thereafter, in February 2011, Sarah and the children moved again, this time to Fishkill, Dutchess County, New York. The Family Court for Dutchess County, New York (Dutchess County Family Court) then granted a civil protection order to Sarah and the children against Adam on November 21, 2011, thereby effectively suspending Adam's parenting time.

{¶ 4} Several months after the civil protection order was issued, the Warren County Domestic Relations Court released a decision on June 27, 2012 increasing Adam's total monthly child support obligation to $1,434.04. In the interim, however, Sarah had filed a

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar.

petition under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) with the Dutchess County Family Court requesting a modification of the parties' parenting and visitation schedule. In response, Adam filed a motion for contempt with the Warren County Domestic Relations Court against Sarah alleging numerous instances when she allegedly refused him his parenting time between November 2007 and April 2012. It is undisputed that Adam's motion for contempt did not make any reference to child support or his child support obligations. It is also undisputed that Adam's motion for contempt listed his current address as Newport, Kentucky.

{¶ 5} On July 23, 2012, Magistrate Yvonne A. Iversen with the Warren County Domestic Relations Court held a hearing on Adam's motion for contempt. Following this hearing, Magistrate Iversen issued a decision that specifically requested the parties to:

> brief the issue of whether this Court should exercise jurisdiction over the parties' children when they have not resided in Ohio for years and the State of New York issued a Civil Protection Order protecting the children from [Adam] in November 21, 2011.

Both parties filed their respective briefs as instructed on August 6, 2012. Again, neither party made any reference to child support or Adam's child support obligations.

{¶ 6} On August 10, 2012, Magistrate Iversen issued her decision, which stated, in pertinent part, the following:

> Currently [Sarah] resides in Fishkill, New York. [Adam's] pleadings indicate that [he] resides in Newport, Kentucky. Neither party is currently a resident of the State of Ohio. Pursuant to the Court file, [Sarah] and the children have not resided in Ohio since 2007.
>
> Pursuant to Ohio Revised Code Section 3127.21 this Magistrate finds that Ohio is an inconvenient forum and this Magistrate finds that this Court shall decline to exercise its jurisdiction. This Magistrate finds that the State of New York is a more convenient forum.
>
> * * *

- 3 -

Therefore, New York has more current information and is more familiar with the recent facts of this case.

Based upon all the evidence before the Court, this Magistrate finds that the State of Ohio and Warren County shall decline to exercise jurisdiction over the above captioned matter. The State of New York is ready willing and able to exercise such jurisdiction and this Magistrate finds that it is better able to do so.

After no objections to Magistrate Iversen's decision were filed, the Warren County Domestic Relations Court adopted the decision in its entirety on August 30, 2012. No appeal was taken from this decision.

{¶ 7} Approximately one month later, on October 4, 2012, WCCSEA filed a motion for contempt against Adam in the Warren County Domestic Relations Court for his alleged failure to pay current child support and child support arrearages. Adam, however, moved to dismiss the motion claiming jurisdiction over the entire case had been transferred to New York, thereby rendering all actions in Ohio moot. After a number of continuances, a different magistrate, Magistrate Jeffrey T. Kirby, held a hearing on WCCSEA's motion for contempt on June 24, 2013. Thereafter, on June 28, 2013, Magistrate Kirby issued his decision overruling Adam's motion to dismiss. In so holding, Magistrate Kirby stated:

[W]hen Magistrate Iversen transferred jurisdiction she did so pursuant to R.C. 3127.21, which is part of the Uniform Child Custody Jurisdiction and Enforcement Act, meaning it was a transfer of the custody and visitation portion of this case.

Adam filed objections to Magistrate Kirby's decision with the Warren County Domestic Relations Court on July 11, 2013.

{¶ 8} On September 3, 2013, the Warren County Domestic Relations Court issued its decision sustaining in part Adam's objections to Magistrate Kirby's decision. Specifically, the Warren County Domestic Relations Court stated:

[Adam] first objects to the Magistrate's finding of contempt, because [he] argues that this Court lacks jurisdiction over this matter. [Adam] argues that the Magistrate's decision filed August

- 4 -

10, 2012 transferred the entire case to the State of New York. Additionally, [Adam] argues that because he resides in Kentucky and [Sarah] and the children reside in New York, this Court does not have jurisdiction over child support under R.C. § 3115.07(A). The Court reads the Magistrate's Decision filed August 10, 2012 as transferring this entire matter to the State of New York, not just custody and visitation. However, if any question remains regarding jurisdiction, the Court hereby transfers child support jurisdiction to New York, as neither of the parties nor the children reside in Ohio at this time. From this point forward, this Court declines to retain jurisdiction over any matter related to this case. [Adam's] first objection is Sustained.

{¶ 9} WCCSEA now appeals from the decision of the Warren County Domestic Relations Court declining to retain jurisdiction, raising one assignment of error for review.

{¶ 10} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RULED THAT OHIO LACKED CONTINUING JURISDICTION TO ENFORCE THIS CHILD SUPPORT ORDER.

{¶ 11} In its single assignment of error, WCCSEA argues the Warren County Domestic Relations Court erred by dismissing its motion for contempt against Adam upon finding it lacked continuing jurisdiction to enforce its child support order. We construe this as a question regarding subject matter jurisdiction of the Warren County Domestic Relations Court to rule on issues regarding child support and the interpretation and application of Ohio law.

{¶ 12} Generally, a trial court's decisions regarding domestic relations issues are reviewed by an appellate court under the abuse of discretion standard. *In re A.G.M.*, 12th Dist. Warren No. CA2011-09-095, 2012-Ohio-998, ¶ 14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, "an appellate court reviews de novo the decision of the trial court regarding the existence of subject matter jurisdiction, because such a determination is a matter of law." *Mulatu v. Girsha*, 12th Dist. Clermont No. CA2011-07-051, 2011-Ohio-6226, ¶ 26, citing *In re K.R.J.*, 12th Dist. Clermont No. CA2010-01-012, 2010-

Ohio-3953, ¶ 16.

{¶ 13} Moreover, since this matter also presents a question of the interpretation and application of Ohio statutory law, it is likewise subject to de novo review. *Smoske v. Sicher*, 11th Dist. Geauga Nos. 2006-G-2720 and 2006-G-2731, 2007-Ohio-5617, ¶ 21. In conducting a de novo review, this court independently reviews the record without giving deference to the trial court's decision. *Wilson v. AC & S, Inc.*, 169 Ohio App.3d 720, 2006-Ohio-6704, ¶ 61 (12th Dist.) (stating questions of law are reviewed "de novo, independently, and without deference to the trial court's decision").

{¶ 14} As noted above, the Warren County Domestic Relations Court construed Magistrate Iversen's decision as transferring "this entire matter to the State of New York, not just custody and visitation." However, Magistrate Iversen's decision to decline jurisdiction was based on the provisions of the UCCJEA as found in R.C. 3127.21(A). As that statute specifically states:

> A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.

{¶ 15} As defined by R.C. 3127.01(B)(3), a "child custody determination" does not include "an order or the portion of an order relating to child support or other monetary obligations of an individual." Therefore, as the name implies, the provisions found in UCCJEA only apply to judgments, decrees, or other orders that provide for legal custody, physical custody, parenting time, or visitation with respect to a child, not to child support.

{¶ 16} In addition, as R.C. 3127.21(D) provides:

> A court of this state may decline to exercise its jurisdiction under this chapter if a child custody determination is incidental to an action for divorce or another proceeding while still retaining

- 6 -

jurisdiction over the divorce or other proceeding.

Accordingly, we find Magistrate Iversen's decision to decline jurisdiction under R.C. 3127.21(A) was in relation to those matters relating to child custody and parenting time only. The decision of the Warren County Domestic Relations Court holding otherwise is hereby reversed.

{¶ 17} Our inquiry, however, does not end there for the Warren County Domestic Relations Court also found "if any question remains regarding jurisdiction, the Court hereby transfers child support jurisdiction to New York, as neither of the parties nor the children reside in Ohio at this time." In so holding, the court relied on R.C. 3115.07(A), the Uniform Interstate Family Support Act (UIFSA), which states:

> A tribunal of this state has continuing, exclusive jurisdiction over a child support order it issues as long as the obligor, individual obligee, or child subject to the child support order is a resident of this state, unless all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

This provision, however, deals with the *modification* of a child support order, not the *enforcement* of such an order. Moreover, after a thorough review of the statutory language, nothing within the provisions of the UIFSA as codified by R.C. Chapter 3115 provides a mechanism to transfer jurisdiction over a child support order to a court in another state.

{¶ 18} Nevertheless, in reviewing case law regarding this issue from around the country, "virtually all of the states that have ruled on this issue have held that when the individual parties and child(ren) no longer reside in the issuing state," in this case Ohio, "that state nonetheless retains the authority to enforce its order." *Sidell v. Sidell*, 18 A.3d 499, 511 (R.I.2011); *see, e.g., Johnson v. Bradshaw*, 86 A.3d 760, 764-765 (N.J.Super.2014) (finding New Jersey retained power to enforce its child support order even though parties resided elsewhere as the New Jersey order was the only order setting defendant's child support

- 7 -

obligation); *Lattimore v. Lattimore*, 991 So.2d 239, 244 (Ala.App.2008) (holding "a state retains jurisdiction to enforce a child-support order issued by a tribunal of that state even after the obligor, the obligee, and the concerned child have all moved out of state"); *Douglas v. Brittlebank-Douglas*, 45 P.3d 368, 374 (Haw.App.2002) (finding state retained jurisdiction to enforce a child support order "as long as the order has not been modified by a tribunal of another state").

{¶ 19} Furthermore, as explained in a National Conference of Commissioners on Uniform State Laws Model UIFSA Comment to Art. 2, § 206:

> A keystone of UIFSA is that the power to enforce the order of the issuing tribunal is not "exclusive" with that tribunal. Rather, on request one or more responding tribunals may also exercise authority to enforce the order of the issuing tribunal. Secondly, under the one-order-at-a-time system, the validity and enforceability of the controlling order continues unabated until it is fully complied with, unless it is replaced by a modified order issued in accordance with the standards established by [UIFSA]. *That is, even if the individual parties and the child no longer reside in the issuing state, the controlling order remains in effect and may be enforced by the issuing tribunal or any responding tribunal without regard to the fact that the potential for its modification and replacement exists.*

(Emphasis added.)

{¶ 20} In light of the foregoing, we find the Warren County Domestic Relations Court erred by concluding it lacked the authority to enforce the child support order at issue here. However, simply because the Warren County Domestic Relations Court *could* enforce the child support order does not necessarily mean it was *required* to do so. Rather, our research indicates that a trial court's jurisdiction to enforce a child support order under these circumstances is permissive, not mandatory. *See Sidell*, 18 A.3d at 511 (finding "the authority to enforce a child-support order is *permissive*" where the issuing court retains jurisdiction to enforce the order after parties moved out of state); *see also Lunceford v. Lunceford*, 204 S.W.3d 699, 707 (Miss.App.2006) (stating "until another state modifies a

Missouri child support order pursuant to UIFSA, a Missouri court may enforce a Missouri child support order even if the obligor, obligee, and child all reside outside this state"). In turn, whether a court decides to exercise its jurisdiction and authority to enforce the child support order is purely discretionary and will not be reversed absent an abuse of discretion. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Miller v. Miller*, 12th Dist. Butler No. CA2001-06-138, 2002-Ohio-3870, ¶ 8.

{¶ 21} As noted above, the Warren County Domestic Relations Court determined that even if it had some authority to act, which we find that it did, it nevertheless "declines to retain jurisdiction over any matter related to this case." We find no abuse of discretion in the trial court's decision.

{¶ 22} As the record reveals, Sarah and the children have resided outside Ohio for nearly seven years. Adam now also resides outside Ohio. Furthermore, it is undisputed that the Dutchess County Family Court has properly retained jurisdiction over matters relating to the parties' minor children. In turn, although the order has yet to be registered in New York, we see no reason why the Dutchess County Family Court could not also resolve any issues relating to Adam's child support obligations. *See* New York Family Court Act § 580-601 ("[a] support order or an income-withholding order issued by a tribunal of another state may be registered in this state for enforcement").

{¶ 23} Moreover, based on their respective filings, neither Sarah nor Adam appear to have any objection to the Dutchess County Family Court exercising jurisdiction in regards to child support issues, as New York is now better suited to address the best interest of the children. Again, this is not a request for a child support modification, but merely a request for the enforcement of the child support order. Therefore, although we find the trial court erroneously concluded that it lacked jurisdiction to enforce the child support order, we

nevertheless affirm the Warren County Domestic Relations Court's decision to decline jurisdiction as that decision does not constitute an abuse of discretion.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.